1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS

JEFFREY SMELSER,

            Plaintiffs,

    vs.

DISCOVER BANK,

           Defendant.

**Case No.: 1:19-cv-01025-SOH**

**COMPLAINT AND DEMAND FOR JURY TRIAL**
  1. **Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq.**
  2. **Intrusion Upon Seclusion**

  (Unlawful Debt Collection Practices)

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

    Plaintiff, Jeffrey Smelser ("Plaintiff"), by and through his attorney, alleges the following against Defendant Discover, Bank ("Discover"):

## <u>INTRODUCTION</u>

1. Count I of Plaintiffs Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment.  Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and

delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiffs Complaint is based upon Invasion of Privacy – Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts which prohibits an intentional intrusion upon the solitude or seclusion of another.

## JURISDICTION AND VENUE

3. Jurisdiction of the court arises under 28 U.S.C. § 1331, 28 U.S. C. § 1332 and 47 U.S.C. § 227.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

5. Because Defendant transacts business here, personal jurisdiction is established.

## PARTIES

6. Plaintiff is a natural person residing in Waldo, Columbia County, Arkansas.

7. Defendant is a financial institution with its principal place of business located at 2500 Lake Cook Road, Riverwoods, Illinois 60015 and it can be served through its registered agent The Corporation Company at 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201-3736.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## **FACTUAL ALLEGATIONS**

9.  In or around November of 2018, Defendant began placing phone calls to Plaintiff's cellular phone number, ending in 5344, to collect an alleged debt.

10. The calls mainly originated from (385) 261-7178, (480) 550-3296, (480) 550-3203, (480) 550-3280, (614) 758-2322, (614) 758-2356, (801) 619-2532, (614) 758-2394 and (614) 758-2391.

11. Upon information and belief these numbers are owned or operated by Defendant.

12. On or around November 15, 2018, at approximately 4:25 p.m., Plaintiff answered a collection call from Defendant, from telephone number (801) 619-2532; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

13. Defendant informed Plaintiff that it was attempting to collect a debt.

14. Plaintiff informed Defendant that he was having financial difficulties and instructed Defendant not to call him and to instead mail future correspondence.

15. On or around January 8, 2019, at approximately 10:40 a.m., Plaintiff answered another collection call from Defendant, from telephone number (614) 758-2358; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

16. Defendant informed Plaintiff that it was attempting to collect a debt.

17. Plaintiff instructed Defendant a second time not to contact him any further on his personal phone.

18. On or around February 22, 2019, at approximately 8:30 a.m., Plaintiff answered a third collection call from Defendant, from telephone number (614) 758-2394; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

19. Defendant informed Plaintiff that it was attempting to collect a debt.

20. Plaintiff instructed Defendant for a third time not to contact him any further on his personal phone and requested that Defendant only contact him by mail.

21. Defendant ignored Plaintiff's first two requests to cease calls and continued calling him through late February 2019.

22. Upon information and belief, approximately three hundred (300) calls were made by the Defendant to the Plaintiffs cellular phones after Plaintiff first requested not to be contacted.

23. Defendant consistently made collection calls to Plaintiff's personal cellular phone on or about the same time almost every day that Plaintiff was contacted which is evidence that Defendant uses an ATDS.

24. For example, Defendant called Plaintiff at 8:20 a.m. (November 13, 2018), 8:27 a.m. (November 15, 2018), 8:37 a.m. (November 29, 2018), 8:30 a.m. (December 3, 2018), 8:34 a.m. (December 4, 2018), 8:23 a.m. (December 7, 2018), 8:20 a.m. (December 17, 2018), 8:22 a.m. (December 19, 2018), 8:22 a.m. (December 20, 2018), 8:22 a.m. (December 21, 2018), 8:19 a.m. (January 4, 2019), 8:20 a.m. (January 23, 2019), and 8:25 a.m. (February 18, 2019).

25. Although Defendant's principal place of business is in Illinois, Defendant never called Plaintiff from a phone number with an Illinois area code.

Instead, Defendant called Plaintiff from numbers with area codes from Utah, Arizona, and Ohio.

26. Defendant often called Plaintiffs multiple times on the same day into the late evening hours and on several weekends interrupting his personal time with his family.

27. Plaintiff works as a Derrickhand on a drilling rig. His responsibilities include guiding the stands of the drill pipe and his shift hours range from either 6 a.m. to 6 p.m. or 6 p.m. to 6 a.m.

28. Defendant called Plaintiff during work hours which caused Plaintiff extreme stress and embarrassment which in turn effected his work performance.

29. On days when Plaintiff worked the night shift, Defendant's daytime calls routinely interrupted his sleep.

30. Defendant's conduct was not only willful but done with the intention of causing Plaintiff such distress, so as to induce him to pay the debt.

31. Defendant's conduct as described above amounted to an unfair or unconscionable means to collect or attempt to collect the alleged debt.

32. As a result of Defendant's conduct, Plaintiff has sustained damages, including but not limited to emotional and mental pain and anguish.

## COUNT I
### (Violations of the TCPA, 47 U.S.C. § 227)

33. Plaintiff incorporates by reference all of the above paragraphs of the Complaint as though fully stated herein.

34. Defendant violated the TCPA.  Defendant's violations include, but are not limited to the following:

(a)     Prior to the filing of the action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular  telephone service . . . or any service for which the called party is charged for the call.

(b)     Within four years prior to the filing of the action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephones using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

35. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**COUNT II**
**Invasion of Privacy**
**(Intrusion Upon Seclusion)**

36. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

37. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

    (a) Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite numerous requests for the calls to cease.

    (b) Defendants conduct would be highly offensive to a reasonable person as Plaintiff received multiple calls per day, including calls that interrupted Plaintiff's duties at his job and interrupted his sleep.

    (c) Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

38. Defendant repeatedly called Plaintiff an excessive amount over long periods of time, including multiple calls in a single day, and often during work hours which would cause Plaintiff large amounts of stress and embarrassment.

39. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages. If the court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Jeffrey Smelser, respectfully request judgment be entered against Defendant, Discover Bank, for the following:

    A. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B);

    B. Actual and punitive damages from the invasion of privacy;

    C. Awarding Plaintiff any pre-judgement and post judgment interest as may be allowed under the law; and

    D.  Any other relief that the Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

Dated: May 30, 2019              By:   */s/David A. Chami*

David A. Chami, Esq. (SBN 027585)
Price Law Group, APC
david@pricelawgroup.com
8245 N 85th Way
Scottsdale AZ 85258
Tel: (818) 600-5515
Fax: (818) 600-5415
Attorney for Plaintiff,
Jeffrey Smelser